## Solon Banfill et al., Appellants, v. Heister & Wallace, Appellees.

VERDICT—*when not disturbed as against the evidence.* A verdict will not be set aside on review as against the weight of the evidence unless clearly and manifestly so.

Action commenced before justice of the peace. Appeal from the Circuit Court of McDonough county; the Hon. JOHN A. GRAY, Judge, presiding. Heard in this court at the May term, 1907. Affirmed. Opinion filed December 7, 1907. Rehearing denied May 20, 1908.

T. J. SPARKS and SOLON BANFILL, for appellants.

D. CHAMBERS, for appellee.

MR. PRESIDING JUSTICE BAUME delivered the opinion of the court.

Prior to March 1, 1905, appellee, C. E. Heister, was engaged in the monument business at Bushnell, Illinois, and was then indebted to Charles H. More, doing business as Charles H. More & Co., in the sum of $146 for one Montello granite die and in the sum of $40 for two granite bases. Thereafter the said Heister formed a partnership with appellee, S. T. Wallace, and the business was carried on by such partnership. After the formation of said partnership, appellee had occasion to use another Montello die and ordered the same from Charles H. More & Co. More & Co. refused to fill such order until, as it is claimed on behalf of appellants, appellees secured to More & Co. the payment of the amount due from Heister individually. It was claimed on behalf of appellees that the security then required by More & Co. was limited to the price of the first Montello die sold to Heister, and did not include the item of $40 above mentioned, for two granite bases. However this may be, appellees in order to procure the Montello die ordered by them assigned to appellant, Solon Banfill, for the use of More & Co., two con-

tracts whereon J. A. Creel was liable to appellees in the sum of $295, which assignment was accepted by said Creel. Subsequently it was agreed between the parties that there should be paid by Banfill out of the proceeds of said contracts, the sum of $100 to one Alex. Frazier and the sum of $9 to one Crosthwait. Banfill collected the amount due on the Creel contracts, together with some interest, and applied the same to the payment of the several amounts above mentioned including the sum of $40 due from Heister to More & Co., for two granite bases. This suit was brought by appellees against appellants to recover said sum of $40, together with interest which appellees claim was not secured by the assignment of the contracts to Banfill and was improperly paid by him out of the proceeds of said contracts to More & Co. A trial by jury resulted in a verdict and judgment against appellants for $42 and this appeal followed.

The sole issue submitted to the jury for determination was whether or not the sum of $40 due from Heister to More & Co. was included in the amount Banfill was authorized to pay out of the proceeds of the contracts assigned by appellees. Upon this issue the evidence was sharply conflicting and would authorize a verdict for either party. In this state of the record the verdict of the jury must be held to be conclusive against appellants.

Appellants submit that the court erred in some of its rulings upon the evidence, and in the giving and refusing of certain instructions, but our attention has not been directed specifically to the grounds upon which such action of the court could have operated to the prejudice of appellants. It is elementary that the firm of Heister & Wallace could not be held liable to pay the individual indebtedness of Heister incurred before his partnership with Wallace without the consent of the latter. Subject to the application of this rule, the issue of fact was submitted to the jury upon proper instructions, and all of the evidence at the com-

mand of the parties bearing upon the issue of fact involved appears to have been submitted to the jury for their consideration. There is no error in the record prejudicial to appellants and the judgment will be affirmed.

*Affirmed.*